UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THEODORE T. LEE,

                Plaintiff,

    v.

DEPARTMENT OF SOCIAL AND HEALTH
SERVICES, STATE OF WASHINGTON et al.,

                Defendants.

Case No. C11-1010-BAT

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS**

On June 21, 2011, Mr. Lee filed an amended pro se complaint. Dkt. 7. Defendants

answered contending, among other things, Mr. Lee failed to properly serve the amended

complaint and summons on all defendants and that the complaint failed to state a claim upon

which relief may be granted. Dkt. 12. On January 9, 2012, defendants filed a motion to dismiss

the case on these same grounds. Dkt. 21.

Defendants first argue Mr. Lee failed to properly serve any defendant. Dkt. 21. Where a

plaintiff fails to deliver to each defendant a copy of both the complaint and summons within 120

days of filing the complaint, the Court may dismiss the action without prejudice or grant the

plaintiff additional time to perfect service. *See* Fed. R. Civ. P. 4(c), (m). Here, defendant

contends that plaintiff has failed to serve the complaint and summons on each defendant as

required by Rule 4. As Mr. Lee has not responded to defendants' motion, and as nothing in the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

1   record establishes any defendant was properly served, the matter is subject to dismissal without

2   prejudice.  The Court has considered granting Mr. Lee additional time to perfect service.

3   However, as discussed below, because the complaint suffers from at least one fatal defect, the

4   Court declines to do so.

5        The fatal defect is, as defendants' point out in their motion, the amended complaint's

6   failure to state a claim upon which relief can be granted.  This case involves an action to overturn

7   a State of Washington Department of Social and Health Services ("DSHS" ) Board of Appeal

8   Judgment.  Dkt. 15.  According to the parties, the single issue of law before the Court is the

9   adequacy of notice.  Dkt. 15.  In specific, Mr. Lee contends his constitutional and civil rights

10  were violated because DSHS mailed him notice of his hearing using the regular mail instead of

11  using certified or registered mail and email.  Dkt. 7.

12       The United States Constitution, however, does not require any particular means of service

13  of process, only that the method selected be reasonably calculated to provide notice and an

14  opportunity to respond.  *See Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007,

15  1017 (9th Cir. 2002).  Furthermore, it does not require the selected method to provide actual

16  notice.  *Dusenbery v. United States,* 534 U.S. 161, 170 (2002).  Without facts showing otherwise,

17  notification by regular mail fulfills due process requirements and a state notification scheme

18  requiring certified mail "exceeds constitutional requirements."  *See Jones v. Flowers,* 547 U.S.

19  220, 226 (2006) (noting ample precedent supporting notification by mail).

20       Here, defendants provided notice utilizing the state statutory procedures applicable to

21  state administrative proceedings; these procedures call for use of the regular United States mail,

22  not registered mail or email.  Dkt. 21 at 6.  The amended complaint contains nothing indicating

23  this method of notice was not reasonably calculated to provide notice and, as noted above, there

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

1   is no constitutional right that notice be given by certified mail rather than the regular mail.  In

2   short, Mr. Lee's claim that he was provided notice of the DSHS hearing by regular mail instead

3   of certified mail and by email fails to state a claim upon which relief can be granted.

4          In addition to the arguments defendants have raised, the Court notes the amended

5   complaint names immune defendants.  Here, the amended complaint names only the Department

6   of Social and Health Services and the State of Washington as defendants.  All of the other

7   defendants named in the original complaint—Judge Leroy McCullough, Washington Attorney

8   General Rob McKenna, DSHS officials Kathy Leitch, and Lois Rasmussen—are thus no longer

9   defendants in the matter before the Court.[1]  The State of Washington and state agencies, such as

10  DSHS are immune from federal civil rights lawsuits.  *See Howlett v. Rose,* 496 U.S. 356, 365

11  (1990).

12         Even if the Court found all original defendants as parties to this action, and considered

13  the allegations in both the original[2] and the amended complaint, the action still suffers the same

14  defects previously discussed.  In particular, all originally named parties are immune from suit.  In

15  addition to the State of Washington and DSHS, the DSHS officials are immune as state officials

16  acting in their official capacities.  *Id.*  Similarly, the Attorney General has prosecutorial

17  immunity.  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Judge McCullough is absolutely

18  immune for his ruling and actions taken in his Court.  *Schucker v. Rockwood*, 846 F.2d 1202,

19  1204 (9th Cir. 1988) (per curiam) (citation omitted).  Subsequently, all named defendants are

20  immune from federal civil rights lawsuits and should be dismissed from this action.

21  [1] The complaint before the Court is the amended complaint Mr. Lee filed on June 21, 2011.  Dkt.
    7.  An amended complaint supersedes the original in total and, therefore, none of the defendants,
22  claims, and facts of the original complaint are analyzed unless they are expressly provided in the
    amended complaint.  *Pacific Bell Tel. Co. v. Linkline Commc'ns, Inc.,* 555 U.S. 438, 456 n.4
23  (2009).
    [2] *Supra* note 1.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

1      In sum, Mr. Lee has failed to state a claim upon which relief can be granted, filed an

2  amended complaint dismissing numerous defendants, and names defendants who are immune

3  from a federal civil rights suit.  As these deficiencies cannot be cured, the Court concludes Mr.

4  Lee should not be given leave to file another amended complaint.  *See Franklin v. Murphy*, 745

5  F.2d 1221, 1228 n.9 (9th Cir. 1984).

6      Accordingly, the Court **GRANTS** the defendants' motion (Dkt. 21) and orders the matter

7  **DISMISSED** with prejudice.

8      DATED this 9th day of February, 2012.

9

10

11                   BRIAN A. TSUCHIDA
                     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4